## LUZUNARIS *v.* PASTOR.

CASACIÓN procedente de la Corte de Distrito de Humacao.

No. 64.—Resuelto en Marzo 3, 1903.

DIVORCIO.—Aunque el artículo 19 de la Orden General de 17 de Marzo, 1899, prescribe que el divorcio puede ser decretado solamente en matrimonio puramente civil, como la sección 8 de la Ley Orgánica, ó *Ley Foraker*, dispone *que todas las personas legalmente casadas, residentes en Puerto Rico, tendrán todos los derechos y recursos conferidos por la ley á los contrayentes de matrimonios civiles ó religiosos*, es claro y evidente que la intención del Congreso fué conferir todos aquellos derechos y recursos á todas las personas *legalmente casadas*, ya fuese celebrado el matrimonio por la autoridad civil ó por la santidad de la Iglesia.

ID.—Las disposiciones del artículo 19 de la Orden General de Marzo 17, 1899, en cuanto se refieren únicamente á matrimonios civiles, están en conflicto con la Ley Orgánica y deben tener aplicación también á los matrimonios religiosos.

EXPOSICIÓN DEL CASO.

*Resultando:* que el día 20 de Marzo de 1902 Doña Carolina Luzunaris y Dominguez, representada por su Abogado Don Herminio Diaz Navarro, entabló demanda en el Tribunal del Distrito de Humacao contra su esposo Don Ramón Pastor Diaz, en la que, entre otros hechos, alegó que en 7 de Noviembre de 1898 contrajeron ambos matrimonio, con arreglo al ritual romano, en la parroquia del pueblo de Guayama, según consta en la certificación presentada; que en esa unión tuvieron un niño llamado German Ignacio; que vive, y nació el 9 de Septiembre de 1900, y que ya en la primera semana del matrimonio y en numerosas ocasiones después, dicho Pastor la golpeó y maltrató, por lo que se vió precisada á huir del hogar conyugal y á buscar socorro y protección en la casa de sus padres, para evitar estos malos tratamientos; invocó, como fundamentos de derecho, las secciones 18, 19, 20, 23 y 25 de la Orden de la Secretaría de Justicia del Gobierno Militar de esta Isla, de 17 de Marzo de 1899, la sección 8ª de la Ley Foraker, y la regla 63 de la Orden General No. 118, serie de 1899, y concluyó con la súplica de que se dictara sentencia definitiva, declarando

No. 64.—Decided March 3, 1903.

STATEMENT OF THE CASE.

On the 20th of March, 1902, Carolina Luzunaris y Dominguez, represented by her counsel, Herminio Diaz Navarro Esq., brought an action in the District Court of Humacao against her husband, Ramón Pastor Diaz, in which, among other facts, she alleged that on November 7, 1898, they were married according to the Roman Catholic ritual in the parish of the city of Guayama, as shown by the certificate on file; that from that union they had a child named Germán Ignacio, who was born on September 9, 1900, and is living; and that during the very first week of their marriage and on various other occasions, said Pastor had struck and maltreated her, for which reason she had been obliged to flee from their conjugal home to escape this bad treatment and seek help and protection in the house of her parents. She invoked as legal grounds, Sections 18, 19, 20,

con lugar el divorcio y disuelto en absoluto el matrimonio canónico, librándose mandamiento al Juez Municipal de Guayama para que inscriba dicha sentencia en el Registro Civil á su cargo, anotando su inscripción al margen de la del matrimonio, con las costas al demandado.

*Resultando :* que en 25 de Abril del referido año, el demandado, por medio de su Abogado Don Luciano Ortiz, contestó la demanda reconociendo su matrimonio con la dicha Doña Carolina Luzunaris; pero negó haber maltratado de obra á su esposa, alegando que, por el contrario, había sido un marido fiel y cariñoso y que debía hacerla cargos por haber puesto ella mano violenta en él, en una ocasión, é injuriádole en otra, pidiendo, por tanto, se declarase sin lugar la demanda.

*Resultando :* que sustanciado el pleito por sus trámites y recibidas declaraciones de numerosos testigos, y absueltas posiciones por la demandante, el Tribunal, por sentencia de 3 de Septiembre de 1902, declaró con lugar la demanda interpuesta y en su consecuencia decretó el divorcio solicitado, y disuelto el matrimonio canónico celebrado por las partes, debiéndose librar mandamiento al Juez Municipal de Guayama, como encargado del Registro Civil, para que inscriba en él dicha sentencia, luego que sea firme, copiándola al margen de la del matrimonio, con las costas al demandado.

*Resultando :* que contra dicha resolución interpuso el demandado recurso de casación por infracción de ley, autorizado por los párrafos 78 y 79 de la Orden General No. 118, serie de 1899, y comprendido en los casos 1 y 7 del artículo 1690 de la Ley de Enjuiciamiento Civil. alegando como motivos los que del escrito de interposición del recurso se transcriben á continuación :

I.—Se ha incurrido en la sentencia recurrida en error de derecho en la apreciación de la prueba practicada, pues la demandante Doña Carolina Luzunaris, absolviendo la posición formulada en el acto del juicio oral, confesó ser cierto que ella había maltratado de obras, en diferentes ocasiones á

23 and 25 of the Order of the Secretary of Justice under the Military Government of the Island, dated March 17, 1899, section 8 of the Foraker Act, and rule 63 of General Orders No. 118, Series of 1899, and prayed that final judgment be rendered granting a divorce and dissolving the religious marriage, and that an order be issued to the Municipal Judge of Guayama directing him to inscribe said judgment in the Civil Registry under his charge, and note the inscription thereof on the margin of the marriage entry, with costs against defendant.

On April 25th of the same year the defendant, through his attorney Luciano Ortiz, answered the complaint acknowledging his marriage to said Carolina Luzunaris, but denying that he had physically maltreated his wife. He alleged that, on the contrary, he had been a faithful and affectionate husband, and charged her with having violently laid hands on him on one occasion and insulted him on another. He therefore prayed that the complaint be dismissed.

The proceedings of the case having been duly had, during which the testimony of several witnesses was introduced and interrogatories answered by plaintiff on September 3, 1902, the court rendered judgment sustaining the complaint and accordingly issued a decree granting the divorce prayed for and dissolved the religious marriage contracted by the parties, and at the same time ordered that a writ be served upon the Municipal Judge of Guayama, as the person in chare of the Civil Registry, directing him to enter said judgment, when made final, by copying the same on the margin of the marriage entry, and taxing the costs of the proceedings upon the defendant.

From this decision the latter took an appeal in cassation for violation of law authorized by paragraphs 78 and 79, of General Orders No. 118, Series of 1899, also included in paragraphs 1 and 7 of article 1690 of the Law of Civil Procedure, and alleging as grounds for the appeal the following, which are quoted from the notice of appeal, to wit:

su esposo Don Ramón Pastor Díaz, y el Tribunal, en los Considerandos cuarto, quinto y sexto, da un sentido á dicha posición que no tiene ni puede tener en sana crítica, infringiendo por tal motivo y por su no aplicación los artículos 1232 del Código Civil vigente hasta el primero de Julio último y 579 de la Ley de Enjuiciamiento Civil, en los cuales se expresa que la confesión judicial hace prueba·plena, no obstante cualesquiera otras. La defensa del demandado en el acto del juicio oral formuló una sola posición que expresó así: *Diga como es cierto que en diferentes ocasiones ha maltratado á su esposo Don Ramón Pastor Diaz*, y al notar que la pregunta no especificaba la clase de malos tratamientos, interlineó entre la preposición *á* y el pronombre posesivo *su*, la palabra *obras*, convirtiendo, por medio de una enmienda, dicha preposición, en la preposición *de* y olvidando de interlinear, á continuación de la palabra *obras*, otra nueva *á*, ya que la anteriormente escrita había sido convertida en la letra *d*, según puede observarse aún en el escrito donde consta la posición formulada. De modo, pues, que la intención de la defensa, claramente expresada, fué según constaba escrita en un principio, preguntar á la demandante, y así lo consignó, si había maltratado á su esposo en diferentes ocasiones. No podía cambiar de intención, cuando queriendo especificar más y hacer más concreta la pregunta, adicionaba la palabra *obras* para determinar de qué clase habían sido esos malos tratos. Cualquiera que lea la pregunta hecha por esta defensa á Doña Carolina Luzunaris en el acto del juicio, notará, desde luego, la falta de dicha preposición *á*, pero sin vacilación ni duda comprenderá lo que allí se pregunta; es decir, si la demandante maltrató de obras, varias veces, á su esposo. La posición formulada encierra una oración primera de activa, siendo el sujeto de la misma la persona á quien se pregunta, el verbo es *maltratar* y el complemento, regido directamente del verbo, el pronombre posesivo *su* que se refiere á la persona preguntada y al nombre esposo. Lo que falta para la perfecta construcción de esta oración es la preposición *á*, que requiere en este caso el complemento directo, su esposo. Para que la pregunta dijera si Doña Carolina Luzunaris había sido maltratada por su esposo, se requería una construcción completamente distinta, porque la oración, en ese caso, no podía ser más que una primera de pasiva en la cual era indispensable la existencia del verbo *ser* y el complemento directo debía estar precedido de la preposición *por ó de*. La posición para que hubiera tenido el sentido que el Tribunal aprecia, debería estar expresada en estos términos: *Diga como es cierto que en diferentes ocasiones fué maltratada de obras por su esposo Don Ramón Pastor Diaz*. Si aún se quiere ver con más claridad el único sentido y alcance de la posición, no hay más que establecer en ellas las palabras *la confesante, la declarante ó usted*, suprimidas por elípsis, y entonces la pregunta dirá: *Diga como es cierto que la declarante (ó la confesante, ó usted) en diferentes ocasiones ha maltratado de obras su esposo Don Ramón Pastor*

I.—In the judgment appealed from an error of law has been committed in the consideration of the evidence introduced, inasmuch as the plaintiff, Carolina Luzunaris, in answering the interrogatory propounded at the hearing confessed that it was true that she had, at dtfferent times, violently laid hands on her husband, Ramón Pastor Diaz, and the court, in the fourth, fifth and sixth conclusions places upon said interrogatory a meaning which, according to sound judgment, it did not and could not have, thus by non-application violating article 1232 of the Civil Code in force up to the first day of July last, and article 579 of the Law of Civil Procedure, wherein it is provided that a confession in court shall be considered as absolute proof even though there be additional evidence. Counsel for defendant at the hearing had propounded only one interrogatory, in these words: "State whether it is true that on different occasions you have ill-treated your husband, Don Ramón Pastor Diaz, (*Diga como es cierto que en diferentes ocasiones ha maltratado á su esposo Don Ramón Pastor Diaz*), and on observing that the question did not specify the class of ill-treatment, he inserted between the preposition *á* and the possessive pronoun *su*, the word *obras*, and changed by means of an amendment said preposition *á* into the preposition *de*, but forgetting to insert after the word *obras* another *á*, since the one written before had been converted into the letter *d*, as may still be noticed in the writting containing the interrogatory. So then, the purpose of counsel for defendant, clearly stated, and as appears originally written, was to ask the plaintiff whether she had ill-treated her husband on different occasions, and so it was put down. He could not have changed his purpose when, desiring to make the question more specific, he added the word *obras*, to determine the kind of ill-treatment referred to. Anyone who reads the question put by counsel for defendant to Carolina Luzunaris, at the trial, must notice the absence of said preposition *á*, but he can have no hesitation or doubt as to the meaning of what is asked, namely, whether the plaintiff had on several occasions laid violent hands on her husband. The question propounded forms a sentence with an active verb; the subject of the sentence is the person interrogated; the verb is *maltratar* (to ill-treat) and the object, directly governed by the verb and by the possessive pronoun *su* (your) which refers to the person interrogated and to the noun *esposo* (husband). What is lacking for the perfect construction of this sentence is the preposition *á* called for, in this case, by the direct object, *su esposo* (your husband). Had the purpose been to ask Carolina Luzunaris whether she had been illtreated by her husband, an entirely different construction would have been required because the sentence in that case would have been in the passive, which demanded the presence of the verb *ser* (to be) while the direct object would have been preceded by the preposition *por* or *de*. To be construed in the sense given to it by the court, the queston should

*Diaz*, y se verá con precisión suma el único alcance que puede tener y tuvo la pregunta. La omisión de la preposición á, que se nota en la pregunta, tiene una facilísima explicación y excusa. La defensa del señor Pastor llevaba actuando como Letrado, el día en que se celebró el juicio oral de este pleito, desde la nueve de la mañana de ese día (Sábado) hasta las dos de la madrugada del siguiente (Domingo) y al cansancio de tan continuada labor se unía la angustia y trastorno moral consiguiente á la noticia que recibiera en las primeras horas de la noche, anunciándole haberse enfermado gravemente uno de sus hijos, y solo por acceder á los deseos del Tribunal y de la representación del demandante, continuó actuando el Letrado defensor en tales condiciones y en Domingo.

II.—Al apreciar erróneamente la prueba de confesión judicial el Tribunal ha infringido también, por su no aplicación, los artículos 593 y 580 de la Ley de Enjuiciamiento Civil. Establece el Tribunal en la sentencia que la pregunta dirigida por la defensa del demandado á la demandante, fué encaminada á preguntar si Doña Carolina Luzunaris había sido víctima de malos tratos de obra que su esposo la infiriera. Esta pregunta no podía ser formulada por haberlo sido anteriormente á instancia del Letrado de la parte actora, y con arreglo al artículo 593 citado: "No podrán exigirse nuevas posiciones sobre hechos que hayan sido una vez objeto de ellas", y al apreciar la prueba en el sentido en que lo hace el Tribunal, tiene precisión de admitir, con infracción de ese artículo, la posibilidad de varias posiciones sobre un hecho ya preguntado. Si la admisión de la pregunta sobre un hecho objeto de otra anterior ya contestada, obedece, según el Tribunal sentenciador, á la oscuridad en la redacción de la misma, la Corte admite la posibilidad de que se formulen, sin repelerlas de oficio, posiciones oscuras é indeterminadas, infringiendo con ello lo establecido en los párrafos primero y segundo del artículo 580 de la ley de trámites en lo civil.

III.—También por error cometido en la apreciación de la prueba ha infringido el Tribunal sentenciador el artículo 106 del Código Civil, en relación con el 105 del mismo cuerpo legal, y la disposición 20 de la Orden General del Cuartel General, Departamento de Puerto Rico, Secretaría de Justicia, dictada en 17 de Marzo de 1899. Si se hubiera apreciado debidamente la prueba de confesión, la demandante, es indudable que hubiera debido considerarse probado que Doña Carolina Luzunaris había inferido malos tratamientos de obras á su esposo y por tanto que con arreglo al artículo 106 del Código Civil, no podía declararse el divorcio á petición de la demandante, cónyuge culpable de lo mismo que como causa de su petición alegaba en la demanda. Si la ley decretada por el Senado y Cámara de Representantes de los Estados Unidos de América, reunidos en Congreso, y aprobada en 12 de Abril de 1900, comunmente conocida con el nombre de Ley ó *Bill Foraker*, ha establecido en su sección 8 el divorcio con separación

have been conceived in the following terms: *"Diga cómo es cierto que en diferentes ocasiones fué maltratada de obras por su esposo Don Ramón Pastor Diaz"* (State whether it is true that on several occasions you were phisically ill-treated by your husband Ramón Pastor Diaz). If it is desired still more clearly to perceive the meaning and scope of the question, we have but to insert the words *"la confesante"* (the one who confesses in court) *"la declarante"* (the one who declares or testifies) or *"usted"* (you) that were omitted through the ellipsis, and then the question would be: *"Diga cómo es cierto que la declarante (ó la confesante ó usted) en diferentes ocasiones ha maltratado de obras su esposo, Don Ramón Pastor Diaz"* (State whether the witness (or the one who confesses in court or you) on several occasions has physically ill-treated her husband, Ramón Pastor Diaz), and the only meaning the question could possibly have will be clearly perceived. The omission of the preposition *á*, noticed in the question, can very easily be explained. Counsel for Pastor, when the oral trial of this case was held, had been working from 9 a. m. of that day (Saturday) to the dawn of the following day (Sunday), and to the exhaustion of such continuous work was added the anguish and distress caused by the news that had reached him during the early hours of the night announcing the serious illness of one of his sons, and only in deference to the wishes of the court and of the plaintiff's representative, did he continue to act as counsel under such circumstances.

II.—By erroneously considering the evidence of confession, the court has also violated, through their non-application, articles 593 and 580 of the Law of Civil Procedure. The court in its judgment declares that the object of the question put to the plaintiff by counsel for the defendant, was to ask whether Carolina Luzunaris had been a victim of ill-treatment of a physical character, at the hands of her husband. Such a question could not be asked, because this had already been done at the request of plaintiff's counsel, and according to aforesaid art. 593: "New interrogatories can not be demanded concerning facts which have already been the object of previous ones". In considering the evidence as having the meaning which the court has placed upon it, the latter must necessarily admit, in violation of said article, the possibility of new interrogatories being propounded concerning a fact which has already been the object of previous ones. If the admission of an interrogatory concerning a fact which has already been the object of a previous one was due, according to the trial court, to the obscurity of the wording, the court admits the possibility of obscure and indefinite interrogatories being propounded without rejecting them on its on motion, thereby violating the provisions of paragraphs 1 and 2 of article 580 of the Law of Civil Procedure.

III.—Likewise, through error in the consideration of the evidence, the

del vínculo para los matrimonios religiosos, es indiscutible que las causas que concede para el divorcio son las mismas establecidas en el artículo 105 del Código Civil, con la modificación de la primera; pues en dicha sección se establece que "Todas las personas legalmente casadas en Puerto Rico tendrán todos los derechos y recursos conferidos por la ley á los contrayentes de matrimonios civiles y religiosos", es decir, aún en la hipótesis de entenderse que con esos términos vagos y poco precisos, ha querido hacerse extensivo á los matrimonios canónicos, el divorcio con separación del vínculo, es incuestionable que con las palabras "tendrán todos los derechos y recursos *conferidos* por la ley, etc.*" se ordena taxativamente la vigencia del Código Civil, en cuanto á las causas y requisitos para pedir y declarar el divorcio, si el matrimonio que tratare de romperse había sido contraido canónicamente; y el vigor de lo preceptuado en la Orden del Secretario de Justicia de Puerto Rico, fechada en 17 de Marzo de 1899, si el divorcio tenía por objeto disolver un matrimonio civil". "Que el *Bill Foraker* dejó subsistente el Código Civil, en la materia de que se trata, lo demuestra con toda evidencia la parte de la sección 8 que dice: "*Disponiéndose, además,* que el párrafo 1, artículo 105, sección 4, sobre divorcio, en el Código Civil, y el párrafo 2, sección 19 etc., queden por la presente redactados en los términos siguientes: "Adulterio por parte del marido ó de la mujer", es decir que considera digna de modificarse en ambas disposiciones legales aplicables al divorcio (Código Civil y orden de la Secretaría de Justicia) la primera y segunda de las causas que respectivamente reconocen, y no hubiera tenido precisión de hacer esa doble modificación si para el divorcio no hubiera considerado vigente más legislación que la Orden del Sr. Secretario de Justicia de Puerto Rico y hubiera expresado claramente tal única modificación, diciendo: "*Disponiéndose,* que el párrafo 2, sección 19, de la Orden del Sr. Secretario etc. quede por la presente etc.*" Aún cuando quisiera interpretarse torcidamente la *Ley Foraker* y se creyera que la única legislación aplicable en materia de divorcio es la citada Orden de la Secretaría de Justicia de Puerto Rico, fechada en 17 de Marzo de 1899, aún en ese caso, el Tribunal sentenciador, por el error cometido al apreciar la prueba de confesión de la demandante habría infringido la disposición 20 de esa Orden". "Cierto es que en ella no se concede, como en el Código Civil, al marido, derecho para reclamar el divorcio, cuando ha sido victima de malos tratos inferidos por su esposa, hechos no considerados como causa para disolver el matrimonio, pero no es menos exacto que la disposición 20 dejó subsistente, para el divorcio en matrimonios civiles, la imposibilidad de que el cónyuge culpable reclame el divorcio". "Culpable es bajo los preceptos de esa ley y de cualquiera otra, el que realiza hechos que, siendo llevados á cabo por otra persona, tienen una sanción, merecen un castigo. El que la ley en determinados casos, cuando se trate de ciertas personas, considere que esa sanción, que ese castigo debe ser

trial court has violated article 106, taken in connection with article 105 of the Civil Code, and Section 20 of the Military Order of March 17, 1899. Had the evidence of confession in court by the plaintiff been duly considered there can be no doubt that the fact that Carolina Luzunaris had ill-treated her husband would have been held to have been proven and, therefore, under article 106, of the Civil Code, the divorce could not be granted at the request of the plaintiff, she being guilty of the same offense upon which her suit for divorce was based. If the Act of the Congres of the United States, approved April 12, 1900, commonly known as the Foraker Act, has by section 8 thereof provided for divorce and the dissolution of the marriage bond, it can not be questioned that the causes for granting divorce are the same as provided for in article 105, of the Civil Code, with the modifications made in the former, for in said section it is provided that "all persons lawfully married in Porto Rico shall have all the rights and remedies conferred by law upon parties to either civil or religious marriages". That is to say, even in the supposition that by these vague and indefinite terms the intention has been to make divorce and the dissolution of the marriage bond apply to religious marriages, there is no question that by the words "shall have all the rights and remedies conferred by law, etc.", the Civil Code is by implication continued in force so far as the causes and requirements of a petition for or a decree are concerned, where the marriage sought to be dissolved was contracted in accordance with the canons; as also the continuance in force of the provisions contained in the Order of the Secretary of Justice, dated March 17, 1899, when the object of the divorce is to dissolve a civil marriage. That by the Foraker Act, the Civil Code continued in force as to the matter under consideration, is clearly shown in that part of section 8, which reads: "*Provided further*, that paragraph 1, article 105, section 4, Divorce, Civil Code, and paragraph 2, section 19, etc., be, and the same hereby are, so amended as to read: "Adultery on the part of either the husband or the wife". That is to say, that in both the legal provisions applicable to divorce (Civil Code and Order of the Secretary of Justice), the first and second causes respectively recognized, are deemed worthy of modification, and there would have been no need of this double modification if the Order of the Secretary of Justice had been considered as the only legislation in force concerning divorce, for then the only modification would have been clearly stated thus: "*Provided*, that paragraph 2, section 19, of the Order of the Secretary, etc. be, and the same is hereby etc." Even were it desired to give a wrong interpretation to the Foraker Act, in the belief that the only legislation applicable to divorce was the aforesaid order of the Secretary of Justice of Porto Rico, dated March 17, 1899, the trial court, through error incurred in considering the evidence of confession by the plaintiff, would have violated section 20 of said order. It is true that under this provision,

menos ó ninguno que cuando se refiera á otros casos y á otras personas, no quita, no empece para que la calificación legal de esos actos subsista, realícese cuando y por quien quiera". El hijo, que con ánimo de lucro y sin violentar ni intimidar á su padre, ni empleando fuerza en las cosas, toma los muebles que á ese padre pertenecen, y sin la voluntad de él, cierto es que no tendrá castigo, que no sufrirá pena por la realización de esos actos, ya que la ley le exime de responsabilidad, pero no por eso dejará de ser autor de un hurto; será hurtador sin sanción penal, pero hurtador al fin". Y pues Doña Carolina Luzunaris ha confesado que maltrató de obras á su esposo, nunca aún aplicando la Orden del Secretario de Justicia de Puerto Rico, puede esa señora pedir ni puede el Tribunal conceder el divorcio por malos tratos que Don Ramón Pastor la infiriera".

IV.—Además se han infringido por aplicación errónea las secciones 18 y 23 de la Orden Judicial de 17 de Marzo de 1899 sobre matrimonios y la 8 de la Ley conocida comunmente con el nombre de *Bill Foraker*, por no tener dichas disposiciones el alcance que se les dá en la sentencia recurrida, pues en la citada sección del *Bill Foraker*, solo se concede á las personas legalmente casadas en Puerto Rico, los derechos ó recursos conferidos por la Ley á los contrayentes de matrimonios civiles ó canónicos y á los contrayentes de matrimonios de la última clase, no hay ley que les conceda el divorcio en cuanto al vínculo".

*Resultando:* que el Hon. Fiscal de esta Corte Suprema impugnó el recurso en el acto de la vista y por escrito, sosteniendo que debe declararse sin lugar, con las costas al recurrente.

Abogado del recurrente: *Sr. Alvarez Nava.*

Abogado del recurrido: *Sr. Diaz Navarro.*

EL JUEZ ASOCIADO SR. SULZBACHER, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal:

*Considerando:* que los únicos puntos que plantea el recurrente en su recurso de casación, y de los que el Tribunal tiene que ocuparse, son los errores de hecho y de derecho en la apreciación é interpretación de la segunda posición que en sentido afirmativo absolvió la demandante y que literalmente dice así: "*Diga cómo es cierto que en diferentes ocasiones ha maltratado de obra su esposo Don Ramón Pastor Diaz*", como también la interpretación de la Orden General

the right to sue for divorce is not conferred upon the husband, as in the Civil Code, when he has been the victim of physical violence on the part of the wife, but it is no less true that section 20 of aforesaid Order continued in force, with regard to divorce in civil marriages, the provision that the guilty party could not demand a divorce. Under the provisions of that or of any other law, a guilty person is one who does something which, when done by another, has a penalty attached, or is punishable. The fact that in certain cases and with reference to certain persons the law provides that such penalty or punishment should be more or less severe, or that there should be no punishment, does not preclude the existence of the legal qualification of such acts, whenever or by whomsoever they may be committed. A son who, impelled by the desire of. gain, but without laying violent hands on his father, or intimidating him, or employing force, should take away movable property belonging to his father without the latter's consent, is amenable to no punishment for such an act, since the law exempts him from all liability, but on that account he will no less be the perpetrator of a theft; he will be a thief without there being a penalty attached to the theft, but for all that, a thief. And inasmuch as Carolina Luzunaris has confessed to having laid violent hands on her husband, not even applying the Order of the Secretary of Justice of Porto Rico, could this plaintiff sue for, or the court grant her, a divorce on the ground of ill-treatment at the hands of her husband, Ramón Pastor.

IV.—Moreover, by erroneous application sections 18 and 23 of the Judicial Order of March 17, 1899, in regard to marriage, and section 8 of the law comonly called the Foraker Act, have been violated, because said provisions have not the scope given to them in the judgment appealed from, for under the aforesaid section of the Foraker Act, only persons lawfully married in Porto Rico are allowed the rights and remedies conferred by law upon parties to either civil or religious marriages, and as to those who have contracted the latter class of marriages, there is no law that provides for the dissolution of the bond.

The Fiscal of this Supreme Court opposed the appeal at the hearing and by brief, and maintained that the same should be dismissed, with costs against appellant.

*Mr. Alvarez Nava,* for appellant.

*Mr. Díaz Navarro,* for respondent.

MR. JUSTICE SULZBACHER, after making the above statement of facts, delivered the following opinion of the Court:

The only points raised by appellant in his appeal in cassation, which have to be considered by the court, are those

de Marzo 17 de 1899, en relación con el artículo 8 de la Ley del Congreso de los Estados Unidos, dictada en 12 de Abril de 1900, titulada: "Ley para proveer temporalmente de rentas y un Gobierno á la Isla de Puerto Rico y para otros fines".

*Considerando*: que la posición absuelta afirmativamente por la parte demandante: *"Diga cómo es cierto que en diferentes ocasiones ha maltratado de obras su esposo Don Ramón Pastor Díaz"*, y á la cual el recurrente da gran importancia, es oscura y defectuosa en su redacción y por tanto no puede constituir prueba de que Doña Carolina Luzunaris maltratara á su esposo.

*Considerando:* que después de haber apreciado las declaraciones de los numerosos testigos presentados por ambas partes, el Tribunal llega á la conclusión de que la demandante ha comprobado el hecho de maltrato de obra de parte de su esposo, de una manera concluyente, en tanto que el demandado no ha podido convencer al Tribunal de que la demandante lo haya maltratado según alega.

*Considerando:* que la Ley del Congreso en su sección 8 dispone lo siguiente: "Que las leyes y ordenanzas de Puerto Rico, actualmente en vigor, continuarán vigentes, excepto en los casos en que sean alteradas, enmendadas ó modificadas por la presente; ó hayan sido alteradas ó modificadas por órdenes militares y decretos vigentes cuando esta ley entre á regir y en todo aquello en que las mismas no resulten incompatibles ó en conflicto con las leyes estatutarias de los Estados Unidos, no inaplicables localmente, ó con las presentes disposiciones, hasta que sean alteradas, enmendadas ó revocadas por la autoridad legislativa creada por la presente para Puerto Rico, ó por una ley del Congreso de los Estados Unidos", Y aunque el artículo 19 de la Orden General de 17 de Marzo de 1899, prescribe que el divorcio puede ser decretado solamente en matrimonio puramente civil, señalándose como una de las causas de divorcio "malos tratos de obra inferidos por el marido ó la mujer", causa

of errors of fact and of law in the consideration and interpretation of the second interrogatory which was answered in the affirmative by the plaintiff, and literally reads as follows: "*Diga cómo es cierto que en diferentes ocasiones ha maltratado de obra su esposo Ramón Pastor Diaz,* (State whether on several occasions ⁎ ⁎ ⁎ ⁎ have ill-treated or laid violent hands ⁎ ⁎ ⁎ ⁎ your husband, Ramón Pastor Diaz), as also the construction of General Orders of March 17, 1899, taken in connection with section 8 of the Act of the Congress of the United States, entitled: "An Act temporarily to provide revenues and a civil government for Porto Rico, and for other purposes", approved April 12, 1900.

The aforesaid question, answered in the affirmative by plaintiff, namely: "*Diga cómo es cierto que en diferentes ocasiones ha maltratado de obras su esposo, Don Ramón Pastor Diaz*", and to which great importance is attached by defendant, is obscure and defective in its wording and therefore, cannot be admitted as evidence that Carolina Luzunaris had maltreated her husband.

The court. after having weighed the testimony of the several witnesses introduced by both parties, concluded that plaintiff had established the fact of her husband's ill-treatment, while the defendant has not succeeded in convincing the court that the plaintiff had ill-treated him, as alleged.

Section 8 of the Act of Congress, provides as follows: "That the laws and ordinances of Porto Rico now in force shall continue in full force and effect, except as altered, amended, or modified by military orders and decrees in force when this Act shall take effect, and so far as the same are not inconsistent or in conflict with the statutory laws of the United States not locally inapplicable or the provisions hereof, until altered, amended, or repealed by the legislative authority hereinafter provided for Porto Rico, or by Act of Congress of the United States". And although section 19 of General Orders of March 17, 1899, provides that a divorce can be decreed only in purely civil marriages,

alegada y probada en este pleito, como dicha sección 8 también dispone: "y todas las personas legalmente casadas en Puerto Rico tendrán todos los derechos y recursos conferidos por la ley á los contrayentes de matrimonios civiles ó religiosos", es claro y evidente que la intención del Congreso fué conferir á todas las personas *legalmente casadas* todos aquellos derechos y recursos, ya fuese celebrado el matrimonio por autoridad civil, ó ya por la santidad de la Iglesia; debiendo en su consecuencia llegarse á la conclusión de que todas las disposiciones de dicha Orden General de Marzo 17 de 1899, en cuanto se refieran únicamente á matrimonios civiles, están en conflicto con dicha ley del Congreso, y que los términos de la misma Orden General deben aplicarse también á matrimonios religiosos, jurisprudencia ya establecida por este Tribunal.

*Considerando:* en mérito de las razones expuestas, que es de desestimarse el recurso por todos y cada uno de sus fundamentos.

*Fallamos:* que debemos declarar y declaramos sin lugar el recurso de casación por infracción de ley interpuesto por Don Ramón Pastor Diaz, á quien condenamos en las costas; y comuníquese esta resolución á la Corte de Distrito de Humacao á los fines procedentes.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados, Hernández, Figueras y MacLeary.